UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JARYAN GILLS,<br>   Plaintiff,<br><br>vs.<br><br>ROBERT HAMILTON, et. al.,<br>   Defendants | )<br>)<br>)<br>)   Case No. 21-4166<br>)<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, had identified ten Defendants from East Moline Correctional Center (EMCC) including Warden Robert Hamilton, Correctional Officer Decker, Correctional Officer Argo, Librarian Kranz, Maintenance Worker Arbuckle, Major West, Major Macksy, Mailroom Workers Gillies, Counselor Ayla Lucus, and Administrative Review Board Member Debbie Knauer.

Plaintiff's 64-page complaint with exhibits is a clear violation of the Federal Rules of Civil Procedure. For instance, Federal Rule 8 requires a complaint to include "a short and plain statement of the claim showing the pleader is entitled to relief." *See* Fed.R.

Civ.P. 8(a)(2). In addition, a Plaintiff cannot combine unrelated claims against different Defendants in one lawsuit. *See* Fed.R.Civ.P. 18, 20. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007). A prisoner may not dodge the filing fee or three strikes provision of 28 U.S.C. §1915(g) by attempting to file separate claims in one lawsuit.

For instance, Plaintiff begins with information concerning an inmate assault which resulted in a left arm injury. While Plaintiff refers to this as an ongoing injury, it appears he may be restating claims in one of his other pending lawsuits: *Gills v. Hamilton*, Case No. 21-4011. If this is a new claim, Plaintiff needs to explain the difference and clearly identify his Defendants, specific allegation, and timeframe.

Plaintiff also discusses unconstitutional living conditions, interference with his legal mail or documents, a failure to protect, retaliation, inappropriate use of restraints, etc. Plaintiff must choose which claims he wishes to pursue in this lawsuit.

In addition, many of Plaintiff's allegations fail to provide a specific factual basis. For instance, who was involved and when did the event occur?

Plaintiff is also reminded he may not sue an individual simple because that individual is a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). Instead, Plaintiff must name individuals who were personally involved in the allegation. "A defendant is personally responsible 'if the conduct causing the constitutional

deprivation occurs at his direction or with his knowledge and consent.'" *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016), *quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Therefore, Plaintiff's complaint is dismissed, but the Court will allow Plaintiff an opportunity to file an amended complaint clarifying his intended claims. Plaintiff MUST abide by these guidelines:

    1) Plaintiff must NOT include unrelated claims against different defendants in one lawsuit.

    2) Plaintiff must not include case law or an overview of claims. Instead, he must state each claim only one time to avoid confusion.

    3) For each claim, Plaintiff must include a brief statement indicating which Defendants were involved, when it occurred, where it occurred, and a brief statement of what happened.

    4) Plaintiff must not include exhibits.

Plaintiff has also filed a Moton for Appointment of Counsel. [5]. The motion is denied with leave to renew after Plaintiff has filed an amended complaint clarifying his claims. [5]. In addition, Plaintiff must demonstrate he has made some attempt to find counsel to represent him in this case such as a copy of letters either sent or received or a list of attorneys contacted. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021).

    IT IS THEREFORE ORDERED:

    1) Plaintiff's complaint is dismissed as a violation of Federal Rules of Civil Procedure 8, 18, 20. *See also George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

    2) Plaintiff must file an amended complaint in compliance with the order

on or before April 25, 2022.  If Plaintiff fails to file an amend complaint by the deadline or fails to follow the Court's directions, his case will be dismissed.

3) The Clerk of the Court is to reset the internal merit review deadline within 30 days of this order and provide Plaintiff with a blank complaint form.

ENTERED this 4th day of April, 2022.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE