E-FILED
Thursday, 17 November, 2022  11:41:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JARYAN GILLS,                         )
   Plaintiff,                       )
                                 )
   vs.                              )        Case No. 21-4166
                                   )
ROBERT HAMILTON, et. al.,             )
   Defendants                       )

MERIT REVIEW ORDER #3

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Second Motion for Leave to File an Amended Complaint. [17].

I. BACKGROUND

The Court dismissed Plaintiff's initial complaint as a violation of Federal Rules of Civil Procedure 8, 18, and 20. *See* April 4, 2022 Merit Review Order.  It was difficult to discern the basis of Plaintiff's claims, but he was clearly trying to combine unrelated claims against different defendants in one lawsuit. *See also George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  The Court pointed out the deficiencies in Plaintiff's pleading and allowed additional time to file an amended complaint. *Se*e April 4, 2022 Merit Review Order, p. 3.

On September 28, 2022, the Court considered Plaintiff's First Amended Complaint. *See* September 28, 2022 Merit Review Order.  Plaintiff ignored the Court's directions and failed to articulate claims concerning medical care, retaliation, or conspiracy. However, Plaintiff did state two claims alleging:

1)  Defendants Warden Robert Hamilton and Maintenance Worker Arbuckle violated Plaintiff's Eighth Amendment rights due to unconstitutional living conditions for three days in cell #9 in February of 2021.

2) Defendant Major West violated Plaintiff's Eighth Amendment rights when he used the black box restraints on March 29, 2021, in violation of a medical order and despite Plaintiff's clear arm injury. *See* September 28, 2022 Merit Review Order, p. 6.

Since the two claims involved different Defendants, different time periods, and different allegations, Plaintiff was again advised he could not combine the two claims in one complaint.  *See* September 28, 2022 Merit Review Order, p. 6-7.

**"**Rather than automatically divide this case into two separate lawsuits with two separate filing fees, the Court will give the *pro se* Plaintiff one FINAL opportunity to clarify his claims." September 28, 2022 Merit Review Order, p. **7.** Plaintiff was given 21 days to state whether he wished to pursue the claims in two separate lawsuits or file a second amended complaint identifying which claims he wanted to pursue in this lawsuit.   Plaintiff was again given specific instructions to follow if he chose to file an amended complaint and admonished if he again ignored the Court's directions, it would divide his surviving claims into separate lawsuits with separate filing fees.

## II. MERIT REVIEW

Plaintiff has now filed his Motion for Leave to File a Second Amended Complaint. [17].  The motion is granted pursuant to Federal Rule of Civil Procedure 15. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's Second Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it

"(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's Second Amended Complaint identifies six Defendants from East Moline Correctional Center (EMCC) including Major Macksy, Major West, Officer Rodriguez, and John Does #1-**4**.  Plaintiff no longer lists Warden Robert Hamilton or Maintenance Worker Arbuckle as Defendants, nor does he mention unconstitutional living conditions.  Plaintiff has instead focused on the use of black box restraints.

Plaintiff says all Defendants knew Plaintiff had a serious left arm injury.  Plaintiff had broken his arm in several placed, repeatedly met with outside providers, underwent surgery, and still suffered from some paralysis. Plaintiff says his injury was obvious to any lay person.

Nonetheless, Defendant Rodriguez and John Doe #2 transported Plaintiff to an outside medical provider on March 26, 2021 in black-box restraints.  Plaintiff says Defendant Major Macksy also approved the use of the restraints.  Plaintiff was in extreme pain during the lengthy ride and his arms became swollen.

On March 27, 2021, a nurse examined Plaintiff, provided pain pills and ice packs for his arms, and scheduled him to see a doctor.  Plaintiff saw Dr. Rankin on March 29, 2021, and the doctor wrote an order restricting the use of black box restraints for one year.

Nonetheless, Defendants John Doe #3 and #4 ignored the order and again used black box restraints on March 31, 2021. Defendant Major West also approved the use of the restraints despite the medical order.

Plaintiff has adequately alleged the Defendants violated his Eighth Amendment rights on March 26, 2021 and March 31, 2021 when they applied black-box restraints. Although Plaintiff did not have a medical order during the first incident, Plaintiff claims his injury was both known and obvious and it was clear he was in extreme pain.

Plaintiff also alleges the Defendants engaged in a conspiracy to violate his constitutional rights. However, the "function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour*, 729 F.3d 645, 649, FN 2 (7th Cir. 2013), *quoting Fairley v. Andrews,* 578 F.3d 518, 526 (7th Cir. 2009). "When, as here, the defendants are all state actors, 'a § 1985(3) claim does not add anything except needless complexity.'" *Turley,* 729 F.3d at 649, FN 2, *quoting Fairley,*578 F.3d at 526. Therefore, Plaintiff has failed to articulate an additional conspiracy claim.

Plaintiff next claims Defendant Masky and West's actions were motivated by retaliation for Plaintiffs' previous grievances and lawsuits. Plaintiff has articulated a claim. However, Plaintiff must identify the specific grievances and lawsuits which prompted the retaliatory acts during discovery.

Plaintiff has failed to articulate a specific claim against John Doe #1 and therefore he will be dismissed from this lawsuit. *See Kuhn v. Milwaukee County*, 59 F. App'x 148,

150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them).

Plaintiff has now had ample opportunity to amend his complaint and clarify his claims.  This case is ready to proceed to service of Defendants and discovery.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: 1) Defendant Rodriguez, John Doe #2, and Major Macksy violated Plaintiff's Eighth Amendment rights when they used black box restraints on March 26, 2021 despite Plaintiff's obvious injury and pain; 2) Defendants Major West, John Doe #3, and John Doe #4 violated Plaintiff's Eighth Amendment rights when they used black box restraints in violation of a medical order and despite Plaintiff's obvious injuries and pain on March 31, 2021; 3) Defendants Macksky retaliated against the Plaintiff on March 26, 2021 based on his previous lawsuits and grievances; and 4) Defendant West retaliated against Plaintiff on March 31, 2021 based on Plaintiff's previous lawsuits and grievances. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed

before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.   The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File a Second Amended Complaint,**

**[17]; 2) Add Defendants Correctional Officer Rodriguez, and John Doe #2, 3,**

**4.[1] 3) Dismiss Defendants Hamilton, Decker, Argo, Kranz, Knauer, Gillies, Arbuckle, and Lucus for failure to state a claim upon which relief can be granted: 4) Attempt service on the surviving Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 17th day of November , 2022.

s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

---

[1] For clarification, the surviving Defendants include West, Macksy, Rodriguez, and John Does #2, 3, and 4.