UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JARYAN GILLS,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )   Case No. 21-4166<br>) |
| GARY WEST, *et al.*,<br>    Defendants. | )<br>) |

### MERIT REVIEW ORDER – THIRD AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed a Third Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at East Moline Correctional Center. (Doc. 42). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Third Amended Complaint, and through such process, to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

### BACKGROUND

On November 17, 2022, the Court conducted a Merit Review of Plaintiff's Second Amended Complaint and allowed him to proceed with the following claims:

1) Defendants Rodriguez, John Doe #2, and Major Maxey[1] violated Plaintiff's Eighth Amendment rights when they used black box restraints on March 26, 2021, despite Plaintiff's obvious injury and pain;

---

[1] Plaintiff identified Defendant as Major Macksy. On February 24, 2023, Defendant filed an Answer (Doc. 26) stating that the correct spelling of Defendant's name is Kelly Maxey.

1

2) Defendants Major West, John Doe #3, and John Doe #4 violated Plaintiff's Eighth Amendment rights when they used black box restraints in violation of a medical order and despite Plaintiff's obvious injuries and pain on March 31, 2021;

3) Defendant Major Maxey retaliated against Plaintiff on March 26, 2021, based on his previous lawsuits and grievances; and

4) Defendant Major West retaliated against Plaintiff on March 31, 2021, based on Plaintiff's previous lawsuits and grievances.

(Doc. 18 at p. 5).

On July 19, 2023, Plaintiff filed a Motion for Leave to File Third Amended Complaint seeking leave to amend his complaint to identify the Doe Defendants. (Doc. 36). The Court granted Plaintiff's motion on August 21, 2023. (d/e 9/21/2023). This Merit Review Order now follows.

## ANALYSIS

Plaintiff's Third Amended Complaint identifies six Defendants from East Moline Correctional Center, including Majors Gary West and Kelly Maxey and Correctional Officers Nicholas Rodriguez, Brown, Finegan, and Argo. (Doc. 42 at p. 2).

Plaintiff says all Defendants knew he had a serious left arm injury, had been transported to outside medical providers on numerous occasions and underwent multiple surgeries. Plaintiff says his injury was obvious to any lay person.

Nonetheless, Defendant Correctional Officer Rodriguez and John Doe #2, who Plaintiff now identifies as Defendant Correctional Officer Brown, transported Plaintiff to an outside medical provider for physical therapy on March 26, 2021, in black box restraints based on Defendant Major Maxey's orders.

Plaintiff claims that the black box restraints were unnecessary, as he did not pose a risk of harm to himself or others. He claims Defendants used the restraints to inflict pain.

Plaintiff alleges that due to being placed in the black box restraints for over two hours, his wrist became swollen, sore, and red and he experienced "non-stop aching pain." *Id.* at p. 14.

On March 27, 2021, a nurse examined Plaintiff, provided pain pills and an ice pack for the swelling and scheduled an appointment with Dr. Rankin. Plaintiff saw Dr. Rankin on March 29, 2021, and the doctor wrote an order restricting the use of black box restraints for one year. Plaintiff received a copy of the medical order; a copy was placed in Plaintiff's medical records; and a copy was sent to security for security purposes.

Plaintiff next alleges that John Doe #3, who Plaintiff now identifies as Defendant Correctional Officer Finegan, and John Doe #4, who Plaintiff now identifies as Defendant Correctional Officer Argo, transported Plaintiff to an outside medical provider for physical therapy on March 31, 2021, in black box restraints. Plaintiff states he produced a copy of the medical order from Dr. Rankin prohibiting the use of black box restraints. Defendant Finegan then called Defendant Major West, who told Defendant Finegan "it's a must Mr. Gills be placed in black box restraints." *Id.* at p. 15. Defendants Finegan and Argo allegedly ignored the medical order and used the black box restraints.

To establish an Eighth Amendment violation, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment,

'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017).

Plaintiff has adequately alleged that Defendants violated his Eighth Amendment rights on March 26, 2021 and March 31, 2021, when they applied black box restraints, despite their knowledge of Plaintiff's injury and a medical order.

Plaintiff next claims that Defendants Majors Maxey and West instructed staff to place Plaintiff in black box restraints in retaliation for the grievances and lawsuits he had filed. To state a First Amendment claim, a plaintiff must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Plaintiff has articulated a First Amendment retaliation claim against Defendants Majors Maxey and West; however, Plaintiff must identify the specific grievances and lawsuits which prompted the retaliatory acts during discovery.

Plaintiff also alleges Defendants engaged in a conspiracy to violate his constitutional rights. The "function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour*, 729 F.3d 645, 649, n. 2 (7th Cir. 2013) (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). "When, as here, the Defendants are all state actors, 'a § 1985(3) claim does not add anything except needless complexity.'" *Turley*, 729 F.3d at 649, n. 2 (quoting *Fairley*, 578 F.3d at 526). Therefore, Plaintiff has failed to articulate a conspiracy claim.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Third Amended Complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: 1) Defendants Rodriguez, Brown, and Maxey violated Plaintiff's Eighth Amendment rights when they used black box restraints on March 26, 2021, despite Plaintiff's obvious injury and pain; 2) Defendants West, Finegan, and Argo violated Plaintiff's Eighth Amendment rights when they used black box on March 31, 2021, in violation of a medical order and despite Plaintiff obvious injuries and pain; 3) Defendant Maxey retaliated against Plaintiff on March 26, 2021, based on Plaintiff's previous lawsuits and grievances; and 4) Defendant West retaliated against Plaintiff on March 31, 2021, based on Plaintiff's previous lawsuits and grievances. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Clerk is DIRECTED to substitute Defendant Brown (Correctional Officer) for John Doe #2; Defendant Finegan (Correctional Officer) for John Doe #3; and Defendant Argo (Correctional Officer) for John Doe #4.

3) Defendants West, Maxey, and Rodriguez have returned their executed summons. No waivers need to be issued.

4) Defendants West, Maxey, and Rodriguez are DIRECTED to answer Plaintiff's Third Amended Complaint within 21 days of this Order.

5) The discovery deadline is RESET for April 5, 2024, and the dispositive motions deadline is RESET for May 6, 2024.

6) The Clerk is DIRECTED to send Defendants Brown, Finegan, and Argo pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Third Amended Complaint; and 4) a copy of this Order.

7) The Court will attempt service on Defendants Brown, Finegan, and Argo by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8) Defendants Brown, Finegan, and Argo shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

9) If Defendants Brown, Finegan, or Argo no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) Plaintiff shall be provided a copy of all pertinent medical records upon request.

14) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

15) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 10/16/23

                                                                     s/ James E. Shadid
                                                                     James E. Shadid
                                                                     United States District Judge